IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-203-BO

| | | |
|---|---|---|
| JENNY CHRISTEN COLVARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on parties' cross motions for judgment on the pleadings. [DE 11, 13]. A hearing was held in Elizabeth City, North Carolina, on May 19, 2016. For the reasons detailed below, the decision of the Commissioner is AFFIRMED.

BACKGROUND

On September 28, 2010, plaintiff filed for a period of disability and disability insurance benefits, alleging an onset date of May 30, 2008, which was later amended to May 20, 2009. [Tr. 21]. On September 13, 2011, plaintiff filed an application for supplemental security income. *Id.* Plaintiff's claims were denied initially and upon reconsideration. A video hearing was held before an Administrative Law Judge (ALJ) on April 8, 2014. *Id.* The ALJ issued an unfavorable decision on April 25, 2014. [Tr. 21–32]. The Appeals Council denied a request for review, and the ALJ's decision became the final decision of the Commissioner, on July 16, 2015. [Tr. 1]. Plaintiff then sought review in this Court.

Plaintiff was 35 years old at her alleged onset date and has completed high school. Plaintiff has a history of traumatic brain injury and depression. [Tr. 16].

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since May 20, 2009. [Tr. 23]. Next, the ALJ determined that plaintiff's traumatic brain injury and depression were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or equaled a listing. [Tr. 24]. At step four, the ALJ found that

2

plaintiff was capable of performing medium work with limitations for simple routine tasks and no fast pace production requirements in a low stress job requiring only simple work related decisions, few changes in the work setting, and only occasional interaction with large groups. [Tr. 25]. Finally, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 31]. A vocational expert testified that these jobs would include employment as a furniture decal inspector, hand packer, and laundry checker. [Tr. 31]. Accordingly, the ALJ found that plaintiff was not disabled since May 20, 2009. *Id.* Plaintiff now seeks review of the ALJ's determination that she is not disabled.

On appeal, plaintiff argues (1) that the RFC is not supported by substantial evidence; (2) that the credibility decision is not supported by substantial evidence; and (3) that the Step 5 determination is not supported by substantial evidence. At hearing, plaintiff's counsel clarified that if plaintiff's RFC argument failed then the remaining two arguments necessarily failed as well. Accordingly, the Court will begin its review with the RFC determination.

Plaintiff argues the ALJ erred in finding that plaintiff had an RFC of medium with limitations. Residual functional capacity is the most a claimant can do despite his/her limitations. 20 CFR § 404.1545. It is determined by considering all relevant medical evidence and other evidence and considers the claimant's ability to meet the physical, mental, sensory, and other requirements of work. *Id.* Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds, and if someone can do medium work, he/she can also perform light and sedentary work. 20 CFR 404.1567. The Court finds that there is substantial evidence to support the RFC in this case.

As a foundational matter, the Court notes that the ALJ *did* account for plaintiff's non-exertional limitations in the RFC, finding that plaintiff was limited to simple routine tasks, no

3

fast pace production requirements, a low stress job requiring only simple work-related decisions and few changes in the work setting, and only occasional interaction with large groups. [Tr. 25].

The Court also notes that, contrary to plaintiff's assertion, the ALJ did not just rely on recent treatment notes. Indeed, the first doctor cited by the ALJ saw plaintiff on her amended alleged onset date. [Tr. 25]. To the extent that plaintiff objects to the ALJ not giving as great weight to the period of time in which plaintiff was not doing as well as she was at the beginning and end of the period at issue, the ALJ addressed this exact issue and explained the decision to do so by noting that "the record documents that the claimant's condition improved significantly with medical management and therapy." [Tr. 29].

The Court also finds that the medical evidence supports the RFC. The ALJ rightly afforded little weight to the medical records and opinions given, including those by Drs. Donna Fleitas, when plaintiff was not effectively managing her condition with medicine and therapy, as discussed *supra*. Even during this time, however, there were indicators which support the ALJ's findings. For example, plaintiff reported to Dr. Fleitas in 2009 that, on a scale from 1–10 to measure recovery from her brain injury, plaintiff stated that though she had some issues, she considered herself a 10. Dr. Fleitas also noted that plaintiff had an IQ of 101 and had completed a four year degree since her injury. [Tr. 350]. The Court also notes that although Dr. Fleitas found plaintiff incapable of full time work, she also recommended a re-evaluation of plaintiff's medication regime which, further medical evidence indicates, was an effective means of improving plaintiff's condition. There is no indication Dr. Fleitas has seen plaintiff since the 2009 evaluation. Nevertheless, in an abundance of caution, the ALJ even heeded some of Dr. Fleitas's opinions, such as addressing her concerns for plaintiff's group interactions by limiting plaintiff to only occasional interactions with large groups in the RFC.

The ALJ also rightly gave little weight to Dr. Angela Arnold, as it is apparently Dr. Arnold's policy not to provide treatment notes, which makes it impossible to determine if her conclusions were adequately supported by her own evidence.

The ALJ gave greater weight to plaintiff's treating psychiatrist, the consultative examiner, and the State Agency medical consultants, as their opinions were supported by the medical evidence and record as a whole. For example, the ALJ gave considerable weight to the findings of Dr. Mur Aklini, whose opinion was consistent with his treatment notes and the medical evidence. The Court notes that Dr. Aklini is the only provider who treated plaintiff over an extended period of time and provided treatment notes. Dr. Alklini found that plaintiff had a GAF score of 70 in January 2012. [Tr. 449]. Two months later, plaintiff reported that she was very happy with her medication regimen. [Tr. 442]. Later that year, plaintiff told Dr. Aklini she would like to find a job. [Tr. 483]. On a mental health questionnaire administered in September 2012, plaintiff reported that any mental health problems she reported did not make it "difficult at all" to do work, take care of things at home, or get along with other people. [Tr. 452]. At various times plaintiff also reported to Dr. Aklini that she was going to the gym, going to yoga classes (where she made friends), that she was volunteering at a pottery place, and that she was attending church. [Tr. 474, 479]. As treatment progressed, plaintiff told Dr. Aklini she was not crying and had been sleeping through the night. [Tr. 474]. The court notes that, to the extent plaintiff reported negative psychological symptoms to Dr. Alkini they were often related to a troubled romantic relationship, which has since ended. [Tr. 433, 437, 474]. As a result of treating plaintiff over an extended period of time, Dr. Aklini found that plaintiff would be limited to unskilled work in a low stress environment with limited interaction with the public. This was accounted for in plaintiff's RFC.

5

Case 7:15-cv-00203-BO   Document 19   Filed 06/15/16   Page 5 of 6

The ALJ also considered statements from plaintiff's mother, who addressed plaintiff's shortcomings but ultimately concluded that plaintiff was capable of a simple, routine, repetitive job that did not require being around people. [Tr. 300]. The ALJ afforded this opinion significant weight and duly accommodated these concerns in the RFC as well.

For all the reasons discussed above, including plaintiff's activities of daily living, the medical record, and opinion testimony, the Court finds that the RFC in this case is supported by substantial evidence. The decision of the Commissioner is therefore affirmed.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 11] is DENIED, and defendant's motion for judgment on the pleadings [DE 13] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this _14_ day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE